# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANYALL SIMPSON,**

      Petitioner,

v.                                                 Case No. 15-CV-925

**WARDEN MICHAEL MEISNER,**

      Respondent.

## ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION AND MOTIONS TO STAY

On July 31, 2015, Danyall Simpson, who is currently incarcerated at the Redgranite Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He consented to the full jurisdiction of a magistrate judge. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. Pro. 73(b). Mr. Simpson also paid the $5.00 filing fee. This matter comes before the Court for ruling on Mr. Simpson's motion for reconsideration, (ECF No. 7), and motions to stay, (ECF Nos. 6 and 8).

According to his petition, Mr. Simpson was convicted in Milwaukee County Circuit Court of one count of endangering safety by use of a dangerous weapon; one count of aggravated battery (substantial risk of great bodily harm), use of a dangerous weapon; and one count of failure to comply with officer's attempt to take person into custody. (ECF No. 1 at 2.) On June 28, 2012, Mr. Simpson was sentenced to fourteen and one-half years of incarceration, to be followed by nine

months in jail. Following his sentencing, Mr. Simpson filed a direct appeal with the Wisconsin Court of Appeals, arguing that the trial court erred in ruling that he had waived his right to a speedy trial based on his alleged violation of an order that forbid him from having contact with the alleged victim in the case. (*Id.* at 3.) After the Wisconsin Court of Appeals denied his direct appeal, Mr. Simpson filed a petition for review, which the Wisconsin Supreme Court denied on September 24, 2014.

In his federal habeas petition, Mr. Simpson asserts two grounds for relief: (1) his Sixth and Fourteenth Amendment rights were violated when the trial court determined that he waived his right to a speedy trial; and (2) his Fourteenth Amendment right to due process was violated when the trial court refused to consider his trial counsel's argument in opposition to the state's waiver argument. (*Id.* at 7.) Mr. Simpson further asserts that he has a state petition for a writ of habeas corpus (also called a "*Knight* petition") pending before the Wisconsin Court of Appeals in which he is arguing that he was denied his Sixth and Fourteenth Amendment rights to the effective assistance of counsel. (*Id.* at 4.)

Believing that the grounds raised in Mr. Simpson's *Knight* petition overlap with the grounds for relief he seeks to assert in his federal habeas petition, on August 12, 2015, the Court dismissed Mr. Simpson's petition on preliminary review, finding that he had failed to exhaust his state court remedies. Judgment was entered that same day. On August 17, 2015, Mr. Simpson filed a motion to stay his habeas petition and to hold it in abeyance while he exhausts his state court

remedies. (ECF No. 6.) On August 20, 2015, Mr. Simpson filed a motion pursuant to Federal Rule of Civil Procedure 59(e) in which he requests the Court to reconsider its Order on Rule 4 Review, (ECF No. 7), as well as another motion to stay, (ECF No. 8).[1]

In his motion for reconsideration, Mr. Simpson argues that the Court erroneously dismissed all of his claims, believing that he had failed to exhaust any of them. (ECF No. 7 at 1.) According to Mr. Simpson, however, his habeas petition is a "mixed petition," meaning that it contains both exhausted claims and unexhausted claims. (*Id.* at 2.) Specifically, Mr. Simpson maintains that he has fully exhausted his claim that the trial court deprived him of his right to a speedy trial. Thus, Mr. Simpson requests that the Court reinstate his original petition and, either stay the petition while he exhausts his unexhausted claim, or allow him to amend his petition to include only his exhausted claim. (*Id.* at 3.)

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion under Rule 59(e) "may be used to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

A petitioner seeking a federal writ of habeas corpus must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A). However, district courts can stay a mixed petition and hold it in abeyance while the petitioner

---

[1] The two motions to stay appear to be identical.

exhausts his state court remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This stay-and-abeyance method is used to ensure that the strict one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not expire pending exhaustion of claims in state court. District courts should grant a request to stay a federal habeas petition and hold it in abeyance only when (1) there is "good cause" for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are "potentially meritorious"; and (3) the petitioner did not engage in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78.

Upon further review, the Court finds that Mr. Simpson has indeed exhausted the first claim asserted in his federal habeas petition—that is, that his constitutional rights were violated when the trial court determined that he waived his right to a speedy trial. Accordingly, the Court will grant Mr. Simpson's motion for reconsideration.

Mr. Simpson's second ground for relief—that his constitutional rights were violated when the trial court refused to consider his trial counsel's argument in opposition to the state's waiver argument—remains unexhausted, however, as Mr. Simpson did not "fairly present" this federal claim to the state courts. *See Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). The decision of the Wisconsin Court of Appeals, which Mr. Simpson attached to his federal petition, indicates that Simpson argued on appeal only "that his statutory and constitutional rights to a speedy trial were violated." (ECF No. 1-1 at 2; *State v. Simpson*, 2013AP1146-CR, 2014 Wisc.

4

App. LEXIS 381, *1 (May 13, 2014).) In its decision, the state appellate court never mentioned Mr. Simpson having argued that his due process rights were violated when the state trial court failed to consider his evidence in opposition to the state's waiver argument.

The only question remaining, then, is whether the Court should stay Mr. Simpson's mixed petition and hold it in abeyance while he exhausts the second claim to relief asserted in his federal habeas petition. Upon reviewing his petition and motions to stay in light of the state appellate court decision, the Court finds that Mr. Simpson has not met his burden of establishing that a stay is appropriate in this case. First, Mr. Simpson has not demonstrated good cause for his failure to exhaust this claim in state court. In his motions to stay, Mr. Simpson maintains that "[h]e did not recognize that this court could not entertain the claims within the mixed petition until two weeks prior to expiration of the one-year statute of limitation." (ECF No. 6 at 3; ECF No. 8 at 4.) This purported explanation does not, however, address why Mr. Simpson failed to present this claim to the state courts. Moreover, Mr. Simpson's status as a pro se litigant alone does not constitute "good cause."

Second, and perhaps more importantly, Mr. Simpson's unexhausted claim is "plainly meritless." *See Rhines*, 544 U.S. at 277. In his habeas petition, Mr. Simpson asserts that his Fourteenth Amendment right to due process was violated when the trial court failed to consider his evidence that he did not contact the alleged victim via telephone, as the state argued. (ECF No. 1 at 7.) However, the state appellate

5

court decision indicates that "Simpson denied any telephone conversations and asked the court to dismiss the case." (ECF No. 1-1 at 3; *Simpson*, 2014 Wisc. App. LEXIS 381, *4.) Thus, the record clearly establishes that the trial court provided Mr. Simpson an opportunity to be heard before it found that he had waived his right to a speedy trial. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (finding that "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner'") (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Whether the trial court had sufficient evidence to find that Mr. Simpson waived his right to a speedy trial is a different question, and that question is part and parcel of Simpson's first ground for relief. Accordingly, the Court will deny Mr. Simpson's motions to stay.

Mr. Simpson now has two options: (1) amend his petition to remove his second (i.e., unexhausted) claim; or (2) return to state court to exhaust his state court remedies for all of his claims and then refile his federal habeas petition. If he chooses the latter option and the statute of limitations thereafter expires, Mr. Simpson may lose all of his claims, including the one already exhausted. *See* 28 U.S.C. § 2244(d)(1).

Finally, it does appear that Mr. Simpson has a little more time remaining on his federal habeas clock than he represents in his motions to stay. "AEDPA requires a federal habeas petition to be filed within one year from 'the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir.

2012) (quoting 28 U.S.C. § 2244(d)(1)(A)). Thus, if the petitioner has not sought a petition for a writ of certiorari in the United States Supreme Court, then his conviction becomes final for purposes of § 2244(d)(1)(A) when the time for filing such a petition has expired. *Id.* (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)). In this case, the Wisconsin Supreme Court denied Mr. Simpson's petition for review on September 24, 2014. As such, Mr. Simpson's state conviction became final on or about December 23, 2014.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's motion for reconsideration, (ECF No. 7), is **GRANTED**; the judgment entered on August 12, 2015, (ECF No. 5), is **VACATED**, and the Clerk of Court is directed to reopen this action.

**IT IS FURTHER ORDERED** that the petitioner's motions to stay, (ECF Nos. 6 and 8), are **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner has until **September 17, 2015**, to inform the Court whether he intends to withdraw his unexhausted claim from his federal habeas petition.

Dated at Milwaukee, Wisconsin, this 27th day of August, 2015.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge