# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANYALL SIMPSON,**

    Petitioner,

  v.                                    Case No. 15-CV-925

**JUDY P. SMITH,**

    Respondent.

## DECISION AND ORDER DENYING
## PETITIONER'S MOTION FOR RECONSIDERATION

Danyall Simpson filed a petition for a writ of habeas corpus, which this Court dismissed on September 23, 2019. (Docket # 53.) Judgment was entered the same day. (Docket # 54.) On October 15, 2019, Simpson filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit. (Docket # 58.) Presently before me is Simpson's motion for reconsideration under Federal Rules of Civil Procedure 59(e). (Docket # 55.)

Because Simpson's appeal has been docketed with the Seventh Circuit, I no longer have jurisdiction over this case. *Boyko v. Anderson*, 185 F.3d 672, 674 (7th Cir. 1999). Rule 57 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit states that if, while an appeal is pending, a party files a motion under Fed. R. Civ. P. 60(a) or 60(b) or "any other rule that permits the modification of a final judgment," that party should ask the district court whether it is inclined to grant the motion. If the district court is inclined to grant the motion, the Seventh Circuit will remand the case to the district court to modify the judgment.

This court is not inclined to grant Simpson's motion. Federal Rule of Civil Procedure Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

Simpson's motion for reconsideration does not present any newly discovered evidence or present a manifest error of law or fact; rather, it generally repeats his legal and factual arguments about the state court's waiver of his right to a speedy trial and ineffective assistance of counsel. (Docket # 55 at 1–5.) While Simpson may disagree with the Court's decision, a motion for reconsideration is not for rehashing previously unsuccessful arguments. That is the purpose of appeals.

Simpson's motion also points out several instances within the Court's order that the Court "did not compose its own judgment on the facts." (Docket # 55 at 3–5). Simpson misinterprets the law. Under the AEDPA, with respect to claims adjudicated on the merits

in state court, a federal court can grant an application for a writ of habeas corpus "only if the state court's decision was . . . based on an unreasonable determination of the facts in light of the evidence presented in state court." *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010) (citing 28 U.S.C. § 2254(d)); *see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). For purposes of federal habeas review, state-court factual determinations are entitled to "substantial deference." *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015). The district court is not tasked to make independent factual determinations at this juncture of federal habeas review; instead, the Court's job is to determine if the Wisconsin Court of Appeal's factual determinations were unreasonable. In its decision denying habeas relief, this Court found that the Wisconsin Court of Appeals' determination was not unreasonable with respect to any of Simpson's adjudicated claims. (Docket # 53 at 6–17). That is all that is required.

Because Simpson is not entitled to reconsideration under Rule 59(e), I will deny Simpson's motion.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion for Reconsideration (Docket # 55) is **DENIED**.

Dated at Milwaukee, Wisconsin this 1st day of November, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

3